UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:18-CR-73-HAB |
| ) | |
| LEMOND LEDFORD ) | |

**OPINION AND ORDER**

Defendant filed a letter with the Court on August 24, 2020, requesting release to home confinement due to the COVID-19 pandemic. (ECF No. 100). The matter was referred to the Federal Community Defender who declined to enter his appearance. (ECF No. 103). The Government filed its Response (ECF No. 105) on September 16, 2020. Defendant has subsequently filed several supplemental letters with the Court. (ECF Nos. 106–08). This matter is now ripe for review.

**A.    Facts of Conviction**

On March 31, 2018, Defendant was pulled over for suspicion of driving while intoxicated. A search of Defendant's vehicle found a .45 caliber firearm and ammunition. Defendant had been convicted of more than a dozen prior felonies rendering his possession of the firearm illegal. Defendant pled guilty to a single count of being a felon in possession of a firearm and received a below-Guidelines sentence of 46 months' imprisonment. This offense was also a violation of supervised release, for which Defendant received an additional 12 months consecutive imprisonment.

Defendant's anticipated release date is September 24, 2022. According to his most recent letter, Defendant is being held at the Cimmarron Correctional Facility in Cushing, Oklahoma.

**B.     Legal Analysis**

Defendant's Motion requests a sentencing modification. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which permits the court to reduce a sentence based on a retroactively applicable amendment to the sentencing guidelines that lowers the defendant's guideline range. 18 U.S.C. § 3582(c)(2). Another allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendants request is one for compassionate release pursuant to § 3582(c)(1)(A).[1] Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

(i) extraordinary and compelling reasons warrant such a reduction …

… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because the Defendant, not the Director of the BOP, filed the motions, he would generally need to show that he exhausted his administrative remedies. However, because Defendant was in a county jail at the time of his initial request, the Government concedes that exhaustion would have been difficult and has agreed to waive the requirement. (ECF No. 105 at 6).

---

[1] Defendant has been less than consistent in stating the basis for his release request. While Defendant now bases his request on the CARES Act, he previously advised that his request was "not under the CARES Act" but rather because he was not receiving any rehabilitation services at the Noble County Jail. (ECF No. 104).

2

Defendant's initial letter identified no medical issues whatsoever that would qualify him for compassionate release. After this was pointed out by the Government, Defendant's supplemental letters allege that he suffers from severe asthma and "overactive thyroid cancer." He also notes his advanced age (50) and his race.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the Defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-

3

19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020). !

Whether Defendant's conditions would entitle him to compassionate release is a question the Court need not reach. Defendant bears the burden of establishing his entitlement to compassionate release. *United States v. Gold*, 2020 WL 2197839 at *1 (N.D. Ill. May 6, 2020). Other than Defendant's unverified letters, the Court has no evidence that Defendant suffers from any of the medical conditions he alleges. No medical records of any kind have been submitted into the record. The Court is not inclined to simply take Defendant's word for it and finds that he has failed to carry his burden.

As for his confinement, the Court has no information regarding the extent, if any, of a COVID-19 problem at his current institution. Aside from his generalized fear of contracting COVID-19, the Defendant has not set forth any basis for this Court to conclude that his institution is unable to successfully contain the outbreaks there. The Government's brief cites ongoing efforts by the Bureau of Prisons to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, BOP's COVID-19 Response https://www.bop.gov/coronavirus/overview.jsp. While Defendant claims that the institution is

wrongfully intermingling quarantined and non-quarantined inmates, the Court cannot find that this allegation alone supports release.

Finally, with respect to the §3553(a) factors, the Court observes that the Defendant already received a below-Guidelines sentence that amply took into consideration his arguments that his criminal history is largely from earlier in his life. This sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. The Court congratulates Defendant for his desire to rehabilitate himself, but this desire, in and of itself, fails to overcome the original bases for his sentence. The Court finds that the significant sentence reduction that Defendant seeks would greatly undermine the above statutory purposes of sentencing.

**C.     Conclusion**

For the foregoing reasons, Defendant's request for compassionate release (ECF No. 100) is DENIED.

SO ORDERED on November 2, 2020.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
